IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS OGDEN, PEDRO HIDALGO, ISMAEL
SOTO, JOHNNY HAYNES, OLIVIA AGUILERA
and ASENCION PEÑA,

                Plaintiffs,

vs.

RUSTY UMPHRIES, GARY LEYBA, GONZALO
CORDOVA, JAMES HOPPER, ALLAN BATTS,
MICHAEL FRENCH, a.k.a. Mike French, and
DONALD MARK NORRIS, individually and
in their official capacities, and the
SOUTHWESTERN NEW MEXICO NARCOTICS
TASK FORCE and the CITY OF DEMING,

                Defendants.

98 MAY 19 PM 1:55

CLERK-ALBUQUERQUE

No. CIV 98 0595 LH

DON J. SVET

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs, by undersigned counsel, for their Complaint, state:

1. This is a civil rights action for money damages arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.

2. Plaintiffs' pendent State law claims are based on New Mexico tort law and Article II, Sections 4, 10 and 18 of the New Mexico Constitution.

3. Jurisdiction is proper pursuant to 28 U.S.C. §1331(a) and §1334(a)(3). Supplemental jurisdiction over the State law claims is proper pursuant to 28 U.S.C. §1357 and all notice requirements under the New Mexico Tort Claims Act were complied with.

4. Plaintiffs Carlos Ogden, Pedro Hidalgo, Ismael Soto, Johnny Haynes, Olivia Aguilera and Asencion Peña are residents of Luna County, New Mexico.

5. At all times material, Defendants Rusty Umphries, Gary Leyba, James Hopper, Allan Batts, Michael French (a.k.a. Mike French), Donald Mark Norris and Gonzalo Cordova were police

officers employed by the Southwestern New Mexico Narcotics Task Force and were acting within the course and scope of their employment and under color of law.

6. Defendant Umphries is believed to be a resident of the State of Texas, but at the time of the incident alleged herein, was a resident of Hidalgo County, New Mexico.

7. Defendants Leyba, Hopper, Batts, French, Norris and Cordova are believed to be residents of Luna County, New Mexico.

8. Defendant Southwestern New Mexico Narcotics Task Force is a governmental entity organized under the laws of the State of New Mexico, is authorized to operate as an agency of the City of Deming, New Mexico and was responsible for the operation of Southwestern New Mexico Narcotics Task Force activities and for claims filed against that agency.

9. Upon information and belief, the Southwestern New Mexico Narcotics Task Force acts under the auspices and under the governmental authority of the Defendant City of Deming, a municipality organized under the laws of the State of New Mexico, and the City of Deming is responsible for the operation of the Southwestern New Mexico Narcotics Task Force activities and for claims filed against that agency.

10. During the early evening hours of May 21, 1996, Plaintiffs Hidalgo, Soto, Haynes, Aguilera and Peña were in the backyard of a residence located at the corner of Maple and Silver Streets in Deming, socializing in anticipation of an outdoor meal.

11. At this same time Plaintiff Ogden was at his nearby residence.

12. Plaintiff Ogden is a licensed New Mexico attorney who, over the years, had provided legal assistance to the other Plaintiffs. At the time of this incident, some or all of the other Plaintiffs were not only former or current clients of Plaintiff Ogden's, but tenants of his as well.

13. All the property where the other Plaintiffs were peaceably assembled is within a fenced area not open to the public and was, at the time of the incident, owned by Plaintiff Ogden.

14. At approximately 6:45 p.m. on May 21, 1996, Defendants were pursuing a certain vehicle which was being towed by two mechanics at the request of two or more women whom Defendants suspected of criminal conduct. Defendants were dressed in plain clothes.

15. Upon coming to the corner of Maple and Silver Streets all Defendants suddenly stopped and with their weapons drawn, arrested the women who had requested the tow and ordered the mechanics who had towed the vehicle to lay on the street while Defendants pointed guns at the mechanics' heads.

16. Immediately upon hearing the sudden stopping of cars outside the yard where they were congregated, the Plaintiffs other than Plaintiff Ogden went to the fence line and saw Defendants brandishing handguns at the persons stopped outside. Plaintiffs retreated from the fence line in fear of the Defendants. Because Defendants were in plain clothes, Plaintiffs did not understand them to be police officers.

17. Defendants, without probable cause to believe any Plaintiffs had committed any crime and without any reasonable suspicion to believe that any Plaintiff had committed a crime, immediately and without privilege or justification, and in violation of Plaintiffs' rights to be free of unreasonable searches and seizures, entered onto the fenced property where the Plaintiffs were lawfully assembled and, using the threat of deadly force, unlawfully ordered Plaintiffs from their residential property and onto the street where Defendants unreasonably seized and falsely arrested Plaintiffs Hidalgo, Soto, Haynes, Aguilera and Peña.

18. While Defendants had seized the Plaintiffs identified above, Plaintiff Ogden was notified by another person that men with brandished guns were detaining Ogden's tenants and clients.

19. Plaintiff Ogden walked out of his home and to the scene where Defendants had arrested the other Plaintiffs and, upon inquiring of Defendants and determining that Defendants had

no warrants to search the premises where they had entered, nor had warrants for the arrest of any Plaintiffs and further determining that Defendants were not claiming the right to arrest any of the other Plaintiffs, informed all the other Plaintiffs that, because there was no basis to hold any Plaintiff and no Plaintiff was lawfully under arrest, they were all free to return to the property from where they had been removed at gunpoint.

20. After Plaintiff Ogden informed his clients and tenants that they were free to return to their lawful activities and they began to do so, Defendants Umphries and Hopper, acting with the approval of Defendant Cordova, turned their attention to Plaintiff Ogden and using excessive force and without probable cause to believe that Ogden had committed any crime, arrested him and charged him with the crime of interfering with a police officer in violation of Section 30-22-1.A NMSA (1978).

21. Based on the facts and circumstances as presented to these Defendants, no reasonably competent police officer could reasonably have believed that there was probable cause to arrest Plaintiff Ogden or to charge him with a crime.

22. Upon the orders of Defendants Umphries and Cordova, Plaintiff Ogden was wrongfully incarcerated at the Luna County Jail until he was released more than three hours after his arrest.

23. Plaintiff Ogden was compelled to retain defense counsel to defend himself against the false charges brought by Defendants.

24. The State of New Mexico ultimately filed its Nolle Prosequi as to the false charges against Plaintiff. Such action constituted termination of the criminal proceedings against Plaintiff Ogden in a manner favorable to him.

4

25.	Defendants' use of firearms to effect the threat of deadly force to detain and arrest is part of an unlawful pattern and practice by all Defendants and has been established by the unconstitutional custom and policies of the Defendants Southwestern New Mexico Narcotics Task Force and the City of Deming. Indeed, at the trial held with regard to the criminal charges lodged against Plaintiff Ogden, one or more of the defendant officers named herein testified that it was the policy of the Southwestern New Mexico Narcotics Task Force that its police officers are trained and always as a result of such training draw their firearms and use them as a threat of deadly force as part of every arrest made by such task force officers.

26.	Such use of threat of deadly force is not justified by acceptable police practices absent the threat of danger to the police officers, which did not exist in regard to the Plaintiffs as to whom the use of such threat of deadly force was applied, and therefore was not justified by the circumstances and constituted an unreasonable seizure of the Plaintiffs in violation of the Fourth Amendment of the United States Constitution.

27.	Defendants' use of firearms as described above also constituted an aggravated assault by all Defendants who detained and arrested Plaintiffs by the use of their firearms.

28.	With respect to their actions directed at Plaintiff Ogden, the conduct of Defendants Umphries, Hopper and Cordova constituted false arrest, false imprisonment and malicious prosecution and aggravated battery, in violation of state tort law and in violation of Ogden's clearly established rights to be free from unreasonable searches and seizures and to not be deprived of his liberty without due process of law guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

29.	The individual Defendants acted willfully, maliciously and with reckless disregard for and deliberate indifference to Plaintiffs' rights and without regard to their duty to limit the application

of their threatened use of deadly force to persons reasonably believed to be involved in dangerous criminal activity.

30. Defendants City of Deming and Southwestern New Mexico Narcotics Task Force are liable as to Plaintiffs' state law claims under the doctrine of <u>respondeat superior</u> for the conduct of the individual Defendants. These Defendants are also liable for the individual Defendants' unlawful use of the threat of deadly force based on the pattern and practice and custom and policy in regard thereto alleged above.

31. Defendants' conduct proximately caused Plaintiffs emotional distress and pain and suffering entitling them to compensatory and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court grant the following relief:

1. Jury trial on all issues so triable;

2. Judgment against Defendants for their violation of Plaintiffs' federally protected constitutional rights;

3. Judgment against Defendants for their violation of Plaintiffs' common law rights under state law;

4. Compensatory damages against Defendants jointly and severally in an amount to be determined at trial;

5. Punitive damages on Plaintiffs' federal law claims against the individually named Defendants in their individual capacities severally in amounts to be determined at trial;

6. Reasonable attorneys' fees and costs; and

7. Such other relief as the Court deems just and proper.

Respectfully submitted,

ROBINSON, QUINTERO & LOPEZ, P.C.

By _____
H. R. Quintero
P. O. Box 1219
Silver City, NM  88062
(505) 538-2925

_____
Philip B. Davis
814 Marquette NW
Albuquerque, NM  87102
(505) 242-1904

Attorneys for Plaintiffs

c:\ogden\complain.civ)

7